WALKER G. LOUTHAN, Respondent, *vs.* L. G. CALDWELL, Appellant.

1. *Practice, civil, pleading—Answer—Demurrer—Judgment by default.*—It is irregular to enter judgment by default after answer and demurrer to the answer.

*Appeal from Marion Circuit Court.*

*McCabe,* for Appellant.

*Dryden & Dryden,* for Respondent.

The appellant waived and released the errors complained of, if any, and expressly assented to the judgment in the cause by appearing in said court and moving for a reduction in the amount of the judgment.

ADAMS, Judge, delivered the opinion of the court.

This was an action on a promissory note.

The defendants by an amended answer attempted to set up usury, but from the answer the usury appears to have been paid.

There was a demurrer to this answer because it did not state facts sufficient to constitute a defense. This demurrer was sustained but no final judgment was rendered on the demurrer. The entry was that the demurrer be sustained. After this entry and during the same term a judgment by default was rendered and made final, and the defendants then filed a motion to set aside what they called a judgment on the demurrer which motion was overruled but no exceptions were saved. Afterwards the defendant filed a motion to correct the judgment as rendered, alleging that there were credits that had not been allowed, and that the judgment as rendered was for too large an amount. This motion was sustained and the judgment was accordingly corrected as desired by the defendants.

The defendants then made affidavit for appeal and filed bond for same and the appeal was granted.

I do not see why this appeal is here, there seems to be no error that we can pass upon. It was irregular to enter judgment by default after answer and demurrer to the answer.

But this point is not saved so as to be passed on here. Besides the defendants on their own motion had the judgment corrected so as to represent the proper amount, which they considered they owed.

The action of the Court in rectifying the judgment on the defendant's own motion released the error, if any, in the prior judgment.

Let the judgment be affirmed. The other Judges concur.